UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - x

| | | |
|---|---|---|
| CYNTHIA GAMBLE, individually and as executrix of the Estate of David Gamble, | : : : | |
| Plaintiff, | : : | Civil Action No. 2:15-cv-08167-CCC-LDW |
| vs. | : : | MOTION DATE: February 16, 2016 |
| PILATUS AIRCRAFT LTD., PILATUS BUSINESS AIRCRAFT, LTD., PILATUS FLUGZEUGWEKE AKTIENGESELLSCHAFT, HONEYWELL, INC., HONEYWELL INTERNATIONAL, INC., REVUE THOMMEN AG, THOMMEN AMERICA, LLC, EMCA, GOODRICH AVIONICS SYSTEMS, INC., L-3 COMMUNICATIONS CORPORATION, GOODRICH CORPORATION,  and JOHN DOES 1-10, | : : : : : : : : : | |
| Defendants. | : : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PILATUS AIRCRAFT, LTD. AND PILATUS BUSINESS AIRCRAFT, LTD.'S JOINT OPPOSITION TO PLAINTIFF'S COMBINED MOTION TO DISMISS CLAIMS AGAINST PILATUS AND THOMMEN DFENDANTS AND MOTION TO REMAND ALL REMAINING CLAIMS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................... 1

   I.     BACKGROUND ................................................................................................ 2

       A.   Plaintiff's Pursuit of this Action in State Court .................................................3

       B.   Plaintiff's Settlement with Honeywell and Defendants' Subsequent Removal ...........................................................................................................3

   II.    ANALYSIS ........................................................................................................ 4

       A.   Defendants' Removal was Proper Because Plaintiff's October 29, 2015 Letter to Superior Court Judge Ironson Triggered the Removal Period Under § 1446(b) .................................................................................................4

       B.   Defendants Would Be Prejudiced if Plaintiff is Permitted to Voluntarily Dismiss the Action Before it is Transferred to the Correct Forum Court.........7

   III.   CONCLUSION................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Citizens Sav. Ass'n v. Franciscus*,
  120 F.R.D. 22 (M.D.Pa. 1988)...............................................................................8

*Costa v. Verizon New Jersey, Inc.*,
  936 F. Supp.2d 455 (D.N.J. 2013) ........................................................................5

*In re Diet Drugs*,
  MDL No. 1203, 1999 WL 106887 (E.D.Pa. March 2, 1999) ...............................5, 6

*Efford v. Milam*,
  368 F. Supp.2d 380 (E.D.Pa. 2005) ......................................................................5

*Galasso v. Eisman, Zucker, Klein & Ruttenberg*,
  310 F. Supp.2d 569 (S.D.N.Y. 2004)....................................................................9

*Hessler v. Armstrong World Indus., Inc.*,
  684 F. Supp. 393 (D.Del. 1988)............................................................................5

*Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*,
  728 F. Supp. 1142 (D.N.J. 1990) ..........................................................................7

*Lesher by Lesher v. Andreozzi*,
  647 F. Supp. 920 (M.D.Pa 1986) ..........................................................................5

*Paoli R.R. Yard PCB Litigation*,
  916 F.2d 829 (3d Cir. 1990)..................................................................................7

*Pappas v. Township of Galloway*,
  565 F. Supp.2d 581 (D.N.J. 2008) ....................................................................7, 8

*Rowe v. Johns-Manville*,
  No. 86-6044, 1986 WL 12266 (E.D.Pa. June 9, 1987).........................................6

*Sporn v. Ocean Colony Condominium Ass'n*,
  173 F. Supp.2d.244 (D.N.J. 2001) ........................................................................8

**Statutes**

28 U.S.C. § 1332.........................................................................................................7

28 U.S.C. § 1441.........................................................................................................7

28 U.S.C. §1446(b) ............................................................................................ *passim*

**Other Authorities**

Rule 41(a)(2) ....................................................................................................4, 7

Defendants Pilatus Aircraft, Ltd. ("Pilatus") and Pilatus Business Aircraft, Ltd. ("PilBAL") (hereinafter collectively the "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's motion to dismiss her claims against Defendants and remand all remaining claims to state court.

## PRELIMINARY STATEMENT

Plaintiff's motion, and the issues it raises, demonstrate how forum shopping can backfire. When Plaintiff originally filed this action in New Jersey state court, as well as a parallel action in Colorado state court against the same defendants seeking the same relief, it was clear that she preferred to pursue her remedy in New Jersey and avoid adverse law in Colorado. The reason that the New Jersey case initially remained in state court was the presence of Honeywell, Inc., a forum defendant. After several defendants filed motions to dismiss based on the lack of personal jurisdiction in New Jersey, Plaintiff sought to pursue jurisdictional discovery from these defendants as part of the effort to proceed in New Jersey state court. However, after Plaintiff settled with Honeywell, the action became removable to this Court on diversity of citizenship grounds. Plaintiff had not anticipated the removal to this Court.

Realizing that the remaining defendants can move to transfer this case to the Middle District of North Carolina, Plaintiff now is asking this court to voluntarily dismiss her claims in New Jersey and allow her to pursue her claims in the parallel Colorado lawsuit. In an effort to disguise her true motive, Plaintiff states that the New Jersey action should be dismissed because it "would not make sense to begin this lawsuit anew in a different New Jersey forum against two defendants who object to personal jurisdiction in New Jersey." *See* Plaintiff's Brief at p. 5 [Dkt. No. 5]. This is not the real motive behind Plaintiff's motion.

1

Unexpectedly faced with the very real prospect that this action will be transferred to the Middle District of North Carolina,[1] Plaintiff seeks to abandon her chosen forum and proceed in Colorado.  The procedural conundrum in which Plaintiff finds herself is entirely of her own making.  To be clear, this action was properly removed to this court pursuant to 28 U.S.C. §1446(b), and subject matter jurisdiction exists in federal court.  Dismissing Plaintiff's claim now would substantially prejudice the remaining defendants because it would allow Plaintiff to avoid the transfer of this action to the appropriate forum in North Carolina. The defendants respectfully request that the court deny Plaintiff's motion and grant Defendants' motion to transfer, which is being filed contemporaneously with this opposition.

## I.    BACKGROUND

On January 16, 2015, Plaintiff commenced this action in the Superior Court of New Jersey Law Division, Morris County against Defendants[2] seeking wrongful death damages arising from the crash of a Pilatus PC-12 aircraft in North Carolina on January 16, 2013, which resulted in the death of Plaintiff's husband, David Gamble.  *See* Pl.'s Compl at ¶ 1, attached to the Declaration of David J. Harrington, Esq. (hereinafter "Harrington Decl."), dated February 1, 2016 as Exhibit A.  From the outset, Defendants notified Plaintiff that they were not subject to

---

[1] This action should be transferred to the Middle District of North Carolina, which is the forum where Plaintiff resides, where a majority of the damages and liability-related witnesses and evidentiary documents are located, and the location with the greatest interest in adjudicating Plaintiff's claims.  In their Joint Motion to Transfer Venue to the Middle District of North Carolina, which was filed simultaneously with this Opposition, Defendants set out in greater detail why North Carolina is a more appropriate forum than New Jersey.

[2] Plaintiff originally commenced this action on December 3, 2014 naming only Honeywell, Inc., Honeywell International, Inc., PilBAL and John Does 1-10 as defendants.  On January 16, 2015, Plaintiff amended the Complaint to include new allegations against six additional defendants, including Pilatus and PilBAL: Revue Thommen AG, Thommen American LLC, EMCA, Goodrich Avionics Systems, Inc., L-3 Communications Corporation and Goodrich Corporation. Each of the other defendants have settled their claims with Plaintiff and are no longer defendants in this action.

personal jurisdiction in New Jersey, however, Plaintiff insisted on litigating this action in New Jersey, despite the fact that an identical action is pending in Colorado – a district where Defendants did not contest jurisdiction.

### A.       Plaintiff's Pursuit of this Action in State Court

For four months after Defendants answered the Complaint, the parties engaged in jurisdictional discovery in which Defendants expended significant time and resources producing documents and drafting motions in an attempt to obtain a dismissal of the New Jersey action. During and after jurisdictional discovery, when it became clear to Plaintiff that New Jersey was not the proper forum, Plaintiff could have sought a voluntary dismissal, but she chose not to. Instead, Plaintiff served deposition notices in an effort to depose Defendants' employees in Colorado and Switzerland.  Plaintiff refused to withdraw the notices of deposition and forced Defendants to spend time and money on additional motion practice.

### B.       Plaintiff's Settlement with Honeywell and Defendants' Subsequent Removal

While Defendants' motions were pending before the state court, Plaintiff reached an agreement to settle her claims against the other defendants in this action, including Honeywell, Inc.  In an October 29, 2015 letter to the state court judge, counsel stated that "Plaintiff has reached an agreement to settle her claims with the Honeywell defendants."  *Id*. at Exhibit B. Plaintiff also confirmed that Honeywell's Motion to Dismiss, which was pending before the state court, "[did] not need to be heard in light of this settlement."  *Id*.  On November 13, 2015, during an oral argument in state court, Plaintiff's counsel confirmed the settlement with Honeywell, by stating on the record that Honeywell is "another party to this case that [Plaintiff] settled with." *Id*. at Exhibit C.

## II.    ANALYSIS

The first issue for the Court to consider is whether this action was properly removed by the Defendants.   After the Court determines that it has jurisdiction, it can turn to Plaintiff's motion for a voluntarily dismissal pursuant to Rule 41(a)(2).

### A.   Defendants' Removal was Proper Because Plaintiff's October 29, 2015 Letter to Superior Court Judge Ironson Triggered the Removal Period Under § 1446(b)

Pursuant to 28 U.S.C. § 1446(b), removal is appropriate "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first be ascertained that the case is one which is or has become removable*" (emphasis added). Plaintiff argues that removal to this Court was not proper because Honeywell still is technically a defendant in this action, even though Plaintiff's counsel sent a letter to Morris County Superior Court Judge Ironson on October 29, 2015, to notify the court that "Plaintiff has reached an agreement to settle her claims with the Honeywell defendants." *See* Harrington Decl. at Exhibit B.  Plaintiffs counsel's letter also stated that Honeywell's Motion to Dismiss, which was then pending in state court, "will not need to be argued."  *Id*.  Plaintiff's counsel concludes the letter by stating that Honeywell agreed that "the Motion does not need to be heard in light of the settlement."  *Id*.  Furthermore, on November 13, 2015, Plaintiff's counsel stated during oral argument in state court that Honeywell is "another party to this case that [Plaintiff] settled with."  *Id*. at Exhibit C.

Despite Plaintiff's argument that the October 29, 2015 letter is not "clear and certain" that a settlement has been finalized, there can be no doubt that the letter, and the subsequent representation to the state court, shows that a settlement with Honeywell had been reached and that no further litigation was contemplated by either party.

4

In order for some "other paper", such as the October 29 letter, to trigger the 30-day removal period under § 1446(b), the correspondence must be "the result of a voluntary act of the plaintiff which effects a change rendering a case subject to removal by defendant which had not been removable before the change." *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp.2d 455, 465 (D.N.J. 2013); *see also Efford v. Milam*, 368 F. Supp.2d 380, 385 (E.D.Pa. 2005). As courts in this Circuit have held, a "change rendering a case subject to removal" would be an act by the plaintiff that shows the plaintiff's intent to "discontinue his claims against the defendant whose presence prevents removal." *See Lesher by Lesher v. Andreozzi*, 647 F. Supp. 920, 921 (M.D.Pa 1986). It is not required that the party be formally dismissed from the action, and it also not required that the terms of the settlement agreement be finalized. All that is required to trigger the 30-day removal period under §1446(b) is a showing of the plaintiff's intention to discontinue the action against the forum defendant. *See id.* at 922 ("'The technicality of how plaintiff's intention is expressed is of no moment – it is the expression of the intent by plaintiff which makes the case removable.'") (citation omitted); *see also In re Diet Drugs*, MDL No. 1203, 1999 WL 106887 at *2 (E.D.Pa. March 2, 1999) (citing cases in which courts have held that an agreement to settle an action, even where the terms of the release are not finalized, is sufficient to trigger the 30-day removal period); *Hessler v. Armstrong World Indus., Inc.*, 684 F. Supp. 393, 394 (D.Del. 1988) (holding that a plaintiff's letter notifying defendants that the forum defendants had settled was sufficient to trigger the 30-day removal period).

Plaintiffs counsel's subsequent representations to the state court that Plaintiff's claims against Honeywell were settled is further support that this action was removable. Where the plaintiff makes a representation to the court on the record that an action has been settled, the requirement to trigger removal has been satisfied. *See Hessler*, 684 F. Supp. at 395 (holding that

5

the defendants "had received adequate notice, both by letters and by statements made in the Superior Court [ . . . ] that the requisites of removability were present").

Here, Plaintiff claims that Honeywell technically is still a defendant because she did not finalize the terms of her release with Honeywell. However, Plaintiff's argument ignores the fact that Plaintiff voluntarily acted by sending a letter to the state court to notify the court of the settlement with Honeywell. This same letter clearly shows Plaintiff's intention to discontinue the case against Honeywell because it notified the state court that Honeywell's dispositive motion was moot as a result of the settlement. *See* Harrington Decl. at Exhibit B. Plaintiff's counsel also followed up on the October 29, 2015 letter by stating on the record during an oral argument that Honeywell settled with Plaintiff. *Id.* at Exhibit C. In a desperate attempt to keep this action out of federal court, Plaintiff ignores the case law in this Circuit that holds that these actions by Plaintiff's counsel are sufficient to trigger the 30-day removal period and the terms of a settlement need not be finalized, because the letter and representations to the court are evidence of Plaintiff's intent to dismiss Honeywell from the action. *See In re Diet Drugs*, 1999 WL 106887 at  *2; *see also Rowe v. Johns-Manville*, No. 86-6044, 1986 WL 12266 at *2 (E.D.Pa. June 9, 1987) (stating that "the unequivocal indication of plaintiff's abandonment of its action against settling defendants is sufficient" to indicate dismissal).

No dispute exists that there is complete diversity between Plaintiff and the remaining Pilatus Defendants and that the amount in controversy exceeds $75,000. As discussed above, Plaintiff has settled her claims against Honeywell, the forum defendant that prevented removal when the action was first filed in New Jersey state court. This Court has subject-matter jurisdiction over this case and Defendants' removal to federal court was proper under 28 U.S.C. §§ 1332, 1441, and 1446. Therefore, Plaintiffs motion to remand should be denied.

6

**B.      Defendants Would Be Prejudiced if Plaintiff is Permitted to Voluntarily Dismiss the Action Before it is Transferred to the Correct Forum Court**

A motion to voluntarily dismiss an action by a plaintiff pursuant to F.R.C.P. 41(a)(2) should be denied if dismissing the action would cause the defendant to suffer prejudice.  *See Paoli R.R. Yard PCB Litigation*, 916 F.2d 829, 863 (3d Cir. 1990) (stating that Rule 41(a)(2) motions "'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit'") (citation omitted); *see also Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 728 F. Supp. 1142, 1146 (D.N.J. 1990) ("[A] motion for dismissal without prejudice 'should not be denied absent substantial prejudice to the defendant'") (citation omitted).   Courts in this district generally determine whether prejudice exists by considering: "(1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the pending litigation has progressed; and (4) the claimant's diligence in moving to dismiss." *Pappas v. Township of Galloway*, 565 F. Supp.2d 581, 594 (D.N.J. 2008).

If Plaintiff is permitted to voluntarily dismiss this action before Defendants motion to transfer is decided, Defendants would suffer undue prejudice.  First, Defendants have already expended significant efforts and incurred significant expenses in the New Jersey state action.  Despite knowing that Defendants were not contesting jurisdiction in the pending Colorado action, Plaintiff forced Defendants to litigate this action in the New Jersey state court, which required Defendants to expend substantial time and resources over the past year to produce documents related to Defendants' business dealings and contacts with New Jersey, file motions to dismiss for lack of personal jurisdiction, prepare motions for protective orders to prevent depositions of Defendants' corporate representatives, and appear in state court to argue its motions.  Under similar circumstances, courts in this district have denied voluntary dismissal

7

because the case proceeded far enough that prejudice would result. *See*, *e.g.*, *Sporn v. Ocean Colony Condominium Ass'n*, 173 F. Supp.2d. 244, 255 (D.N.J. 2001) (denying the plaintiff's motion to voluntarily dismiss under 41(a)(2) where the "defendants have incurred substantial expense both in defending the merits of the case and in simply attempting to keep the case moving along towards resolution"); *compare Pappas*, 565 F. Supp.2d. at 594 (finding no prejudice in granting the plaintiff's motion to dismiss because the action had been pending for only four months and the parties expended no resources on discovery).  Now, faced with the prospect of having her case transferred to North Carolina, Plaintiffs wants this Court to waive its magic wand and make the action disappear.

Similarly, Plaintiff's motion to voluntarily dismiss this action was not filed until after she realized that the case was removable and subject to a motion transfer.  Plaintiff had ample time and opportunity to seek a voluntary dismissal of this action while the litigation was active in the state court and she failed to do so.  Plaintiff also had the opportunity to seek voluntary dismissal after the Defendants produced thousands of pages of discovery documents confirming their contention that they were not subject to jurisdiction in New Jersey.  Despite having all of the same information available to her then that she does now, Plaintiff actively pursued discovery in state court.  Now, 12 months after filing the action in New Jersey state court and 10 months after it was clear that Defendants were not contesting jurisdiction in Colorado, Plaintiff attempts to voluntarily dismiss this action.  This is hardly an example of "diligence in bringing the motion to dismiss."  *See* Pl.'s Brief at p. 5; *Citizens Sav. Ass'n v. Franciscus*, 120 F.R.D. 22, 25 (M.D.Pa. 1988).

It is clear that what triggered Plaintiff's change of heart in filing a motion to voluntarily dismiss is not a desire to avoid the duplicative costs of pursuing two parallel actions, but rather

Plaintiff's realization that remaining in federal court could lead to the dismissal of her claims against Defendants with prejudice.  Now that this action is rightfully in federal court, the possibility of a transfer to the Middle District of North Carolina is imminent and, suddenly, Plaintiff no longer wishes to pursue her claims here.  Plaintiff should not be able to obtain voluntary dismissal after choosing this forum for her initial action and forcing Defendants to expend time and resources litigating here, only for Plaintiff to suddenly decide (after the case was removed to federal court) that the better course is to pursue her litigation in Colorado.  This Court should not condone Plaintiff's costly and inefficient actions by rewarding her with a voluntary dismissal without prejudice.

When a plaintiff has ample opportunity to seek voluntary dismissal and fails to do so, she should not be permitted to dismiss an action to avoid what she believes will be adverse result in an action. *See Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp.2d 569, 572 (S.D.N.Y. 2004) (denying the plaintiff's motion to voluntarily dismiss because plaintiff's motive in seeking dismissal was to avoid an adverse decision).  Plaintiff chose this forum and fought hard to keep this case here, she should not be permitted to seek a voluntary dismissal because she is worried about a potentially negative outcome of this action in a forum that she chose.

Defendants, on the other hand, should be given the opportunity to litigate their claims in federal court, despite any potential adverse impact on Plaintiff's claims.  Dismissing this action would greatly prejudice the Defendants by denying them the ability to seek a dismissal with prejudice under North Carolina law.  Plaintiff took a risk and continued her pursuit of the Defendants in New Jersey when she could have easily dismissed the New Jersey action long ago and pursued her claims in Colorado.  Now that it appears that her gamble may not pay off, she requests that the Court wipe her bet off the table at the expense of Defendants' ability to seek a

dismissal with prejudice in the Middle District of North Carolina.  Accordingly, Plaintiff's motion to dismiss should be denied.

## III.  CONCLUSION

For the foregoing reasons, Defendants PILATUS AIRCRAFT, LTD. and PILATUS BUSINESS AIRCRAFT, LTD. respectfully request that this Court deny Plaintiff's Motion To Dismiss Claims Against Pilatus and Thommen Defendants and Motion To Remand All Remaining Claims and Alternatively grant Defendants' Joint Motion to transfer this action to the Middle District of North Carolina, the grounds for which are fully set forth in Defendants' Memorandum of Law, which was filed simultaneously with this Opposition.


Dated:  New York, New York
        February 1, 2016

                                        Respectfully submitted,

                                        CONDON & FORSYTH LLP

                                        By:   s/ David J. Harrington
                                            (D.NJ Bar No. 021911999)
                                         7 Times Square, 18th Floor
                                        New York, New York  10036
                                        Telephone:  (212) 894-6700
                                        Facsimile: (212) 370-4453
                                        dharrignton@condonlaw.com

                                        *Attorneys for Defendants*
                                        PILATUS AIRCRAFT, LTD. and PILATUS
                                        BUSINESS AIRCRAFT, LTD.

885632v.3